**In re David VLCEK, Debtor.**

No. 03 B 28311.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Feb. 10, 2004.

Marilyn Marshall, Chapter 13 Trustee.

Anthony Olivadoti, Chicago, IL, for Movant.

Cynthia Kernats, Clay Mosberg, Arlington Heights, IL, for Respondent.

## MEMORANDUM OPINION

PAMELA S. HOLLIS, Bankruptcy Judge.

This matter comes before the court on the Motion of the Chapter 13 Trustee for Disallowance and Turnover of Petition Preparer Fees and/or Assessment of Fines. After petition preparer Cynthia Kernats filed a response to the motion, the matter was set for an evidentiary hearing on December 3, 2003, to proceed after the hearing on a similar motion filed in *In re Frankie M. Johnson,* Case No. 03 B 25858.

At the hearing on December 3, the court heard testimony from Kernats regarding her role in *Johnson.* At the conclusion of her testimony and after argument from counsel for both Kernats and the Chapter 13 Trustee, the court fined Kernats $200.00 for practicing law without a license when she took information from Johnson and processed it in a software program

called Best Case. The court also imposed a fine of $25.00 for failure to file the proper disclosure form regarding her fee. The court directed the Chapter 13 Trustee to submit a draft order following the hearing, but one was never received.

No ruling was issued in the *Vlcek* case. Instead, the Chapter 13 Trustee and Kernats' attorney agreed on certain facts: that Kernats accepted Vlcek's filing fee in violation of § 110(g), and that she practiced law without a license by preparing Vlcek's petition using Best Case and by typing up his motion to vacate the dismissal of his case. They disagreed, however, on a matter of law. The court therefore took the following issue under submission: Whether the phrase "if a bankruptcy petition preparer violates this section," in 11 U.S.C. § 110(i)(1), refers to all of § 110 or just to § 110(i). If the phrase refers to all of § 110, then if a bankruptcy court finds that a bankruptcy petition preparer ("BPP") has violated *any* part of § 110, the bankruptcy court shall certify that violation to the district court. The district court then has the power to order payment of damages, monetary sanctions, and attorneys' fees and costs.

On the other hand, if the phrase "this section" refers only to § 110(i), then a bankruptcy court will not certify any facts to the district court unless the bankruptcy case was dismissed because of a BPP's (1) failure to file bankruptcy papers, (2) negligence or intentional disregard of Title 11, or (3) negligence or intentional disregard of the Federal Rules of Bankruptcy Procedure; or the BPP has committed any fraudulent, unfair, or deceptive act.

■ After considering the plain meaning of the statute, this court finds that the phrase "if a bankruptcy petition preparer

violates this section" means "if a BPP violates *any* part of § 110," not just § 110(i). Consequently, *any* violation of *any* subsection of § 110 must trigger a certification of the applicable facts to the district court. *See Fessenden v. Ireland (In re Hobbs),* 213 B.R. 207, 218 n. 24 (Bankr.D.Me.1997) ("The drafters of § 110 plainly appreciated and employed the terms 'section' and 'subsection' to mean § 110 and its alphabetically-denominated sub-parts."). *See, e.g., In re Heck,* 2000 WL 33679398, *2 n. 1 (Bankr.D.N.H. Nov.28, 2000) ("If a petition preparer violates any provision of section 110, the Court may certify such fact to the district court under section 110(i)(1).").

Congress must have intended "this section" to refer to all of section 110, because just a few sentences later, the drafters used "this subsection" to refer to subsection 110(i). 11 U.S.C. § 110(i)(1)(C) allows debtors, trustees or creditors to request attorneys' fees and costs incurred "in moving for damages under this subsection." The phrase "this subsection" refers only to § 110(i), because that paragraph is the only one in § 110 that allows debtors, trustees or creditors to move for damages. Therefore, Congress used "this subsection" to refer only to § 110(i), and must have used "this section" in § 110(i)(1) to refer to all of § 110.

The drafters also used "this section" in § 110(a) to refer to all of § 110:

(a) In this section—

    (1) "bankruptcy petition preparer" means a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing; and

    (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a

United States bankruptcy court or a United States district court in connection with a case under this title.

Congress must have intended that these definitions be used throughout section 110, not just in subsection 110(a), otherwise the definitions would be meaningless since 110(a) contains no other language.

This interpretation is consistent with the remedies provided in § 110(i). Subsections 110(b)—(h) allow a court to impose a fine, presumably payable to the court. Meanwhile, subsection 110(i) gives a debtor the opportunity to recover funds for himself based on those same violations. "Section 110(i)(1) appears to have been included in the statute in order to provide a method for injured parties, most often the debtor, to recover damages for unfair, deceptive, fraudulent and negligent actions by petition preparers." *Heck,* 2000 WL 33679398, *2. The fines in §§ 110(b)—(h) are imposed for punishment, and the damages are awarded under § 110(i) for compensation. "The purpose of the damage provisions is to provide a further deterrent to violations of section 110 and to give debtors an incentive to help remedy violations." 2 Collier on Bankruptcy ¶ 110.10[1] (15th ed. rev'd 2003) (footnote omitted).

This reading is also consistent with the language of 11 U.S.C. § 362(h), which provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages . . .". Clearly "this section" does not refer merely to § 362(h), because there is no stay provided by § 362(h). Instead, the automatic stay is provided by § 362, so "this section" refers to § 362 and not to one of its subsections.

For the reasons stated above, the court finds that if: (A) the bankruptcy case or related proceeding has been dismissed because of a bankruptcy petition preparer's (1) failure to file bankruptcy papers; (2) negligence or intentional disregard of Title 11; or (3) negligence or intentional disregard of the Federal Rules of Bankruptcy Procedure; *((B) a bankruptcy petition preparer has violated any subsection of 11 U.S.C. § 110;* or ©) a bankruptcy petition preparer has committed any fraudulent, unfair, or deceptive act, then this court must certify that factual determination to the district court.

Therefore, if a bankruptcy petition preparer violates any subsection of § 110, whether or not the underlying case is dismissed, the bankruptcy court shall certify that facts of the violation to the district court. Although the certification is mandatory, an award of damages will only follow if the debtor, the trustee or a creditor files an appropriate motion and a hearing is held by the district court. Based on the stipulated facts to which the parties have agreed, the court finds that Cynthia Kernats engaged in the unauthorized practice of law, and violated § 110(g) when she accepted David Vlcek's filing fee. The court will enter an order in conformance with this ruling.